**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50484 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-02053-LAB-1 |
| v. | |
| BERNARDO BUENAVENTURA-VELASQUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted October 23, 2015[**]
Pasadena, California

Before: KLEINFELD, RAWLINSON, and NGUYEN, Circuit Judges.

Defendant Bernardo Buenaventura-Velasquez ("Buenaventura") was

convicted of two counts of attempted transportation of illegal aliens. 8 U.S.C. §

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1324(a)(1)(A)(ii).  Buenaventura argues that his post-arrest statements to agents should have been suppressed because they were involuntarily made.  In the alternative, Buenaventura argues that his post-arrest statements should have been suppressed because his Miranda waiver was not knowing and intelligent.  We have jurisdiction under 28 U.S.C. §§ 1291 and 1294(1).  We affirm.

Buenaventura alleged that his post-arrest statements were involuntary because the agents who interrogated him promised him, off-camera and before the actual interrogation, to help him keep his legal permanent resident (LPR) status in exchange for his cooperation.  Both agents involved in the interrogation denied the existence of such a promise.  After conducting a hearing, the district court found that the agents did not promise Buenaventura any help with his immigration status.  The district court held that Buenaventura's confession was voluntary, and that the Miranda warnings were properly administered.

Buenaventura argues that the district court erred in determining that no promise was made and concludes that this promise made his confession involuntary.

"We review de novo the voluntariness of a confession and the factual findings supporting the determination for clear error." United States v. Heller, 551 F.3d 1108, 1112 (9th Cir. 2009). The test for a voluntary statement is whether "considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." United States v. Leon Guerrero, 847 F.2d 1363, 1366 (9th Cir. 1988). The government must prove the voluntariness of the statement "by a preponderance of the evidence." Id. at 1365.

Here, the government proved that Buenaventura's statement was voluntary. The trial court's conclusion at the suppression hearing that no promise was made was permissible and not clear error in light of the testimony, Buenaventura's characteristics, the circumstances of the interrogation, and other evidence presented. See United States v. Perez-Lopez, 348 F.3d 839, 844–45 (9th Circ. 2003). In the absence of the promise, there was nothing to indicate that the confession was involuntary. See United States v. Haswood, 350 F.3d 1024, 1027–29 (9th Cir. 2003).

Alternatively, Buenaventura argues his subjective belief in a promise made his <u>Miranda</u> waiver, though voluntary, not "intelligent and knowing."

A valid <u>Miranda</u> waiver must be "voluntarily, knowingly, and intelligently given." <u>United States v. Doe</u>, 155 F.3d 1070, 1074 (9th Cir. 1998). For a waiver to be knowing and intelligent, it must be made with a "full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." <u>Moran v. Burbine</u>, 475 U.S. 412, 421 (1986). Whether a waiver was knowing and intelligent is a question of fact, and we review the trial court's conclusion on this issue for clear error. <u>Doe</u>, 155 F.3d at 1074.

The trial court did not clearly err in concluding the waiver was knowing and intelligent, and its statements regarding Buenaventura's desire to receive a benefit for cooperating do not compel a different conclusion. Buenaventura was advised in his native tongue, he appeared to understand his rights, and signed a written waiver written in Spanish. <u>See</u> <u>United States v. Crews</u>, 502 F.3d 1130, 1140 (9th Cir. 2007). Moreover, Buenaventura had previous experience with the justice system informing him of his right to remain silent.

**AFFIRMED.**